IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-10-BU-DLC |
| Plaintiff, | |
| vs. | ORDER |
| FREDDIE LEE CARTER, | |
| Defendant. | |

On June 30, 2025, Defendant Freddie Lee Carter appeared before the Court for a hearing on the issue of his release or detention pending his trial in this matter. The Court has authority to detain a criminal defendant pending a trial if the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e).

The Complaint filed in this case charges Defendant with conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C § 846, and possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1). These charges invoke the rebuttable presumption in 18 U.S.C. § 3142(e) that no condition or combination of conditions of release will reasonably assure the

1

appearance of the defendant at future proceedings and the safety of the community if the Defendant is released.

The presumption of detention shifts the burden of production to the defendant, but the ultimate burden of persuasion remains with the government. See *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). Where the defendant proffers sufficient evidence to rebut the presumption, the presumption nevertheless "remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to the factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (citing *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)). A finding that a defendant is a danger to any other person or the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f)(2)(B). A finding that no condition or combination of conditions will reasonably assure a defendant's appearance must be supported by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990).

Based on the arguments and evidence presented at the detention hearing, including Defendant's criminal history involving crimes of violence and prior failures to appear, the Court finds there is clear and convincing evidence establishing that no condition or combination of conditions will reasonably assure the safety of the community if Defendant were released. The Court concludes Defendant is subject to detention under 18 U.S.C. § 3142(e).

2

Therefore, **IT IS HEREBY ORDERED** the Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED this 30th day of June, 2025.

Kathleen L. DeSoto
United States Magistrate Judge