IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25–10–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| FREDDIE LEE CARTER, | |
| Defendant. | |

Before the Court is Defendant Freddie Lee Carter's Exparte Motion to Withdraw Guilty Plea. (Doc. 329.) The Court held a hearing on the Motion on February 4, 2026. (Doc. 364.) For the reasons herein, this Motion will be denied.

## BACKGROUND

Carter has been charged by Superseding Indictment with one count of conspiracy to distribute and possess with intent to distribute fentanyl, in violation of 21 U.S.C. § 846 (Count I), and one count of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) (Count II). (Doc. 22.) Carter pled guilty to Count II on October 9, 2025, before Magistrate Judge Kathleen L. DeSoto. (Doc. 247.) Judge DeSoto issued her Findings and Recommendations ("F&R") concerning the plea on October 9, 2025 (Doc. 250), and the undersigned approved the F&R on October 27, 2025 (Doc. 276). At the time of his guilty plea,

1

Carter was represented by Jill Gannon-Nagle.

Ms. Gannon-Nagle filed a motion to withdraw from this matter on October 21, 2025, and on October 22, 2025, this Court appointed Larry Mansch as counsel of record. (Docs. 274, 275.) On January 8, 2026, Carter filed the present Motion seeking to withdraw his guilty plea. (Doc. 329.) Sentencing is currently set for February 11, 2026.

## LEGAL STANDARD

"A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The burden to show a fair and just reason is on the defendant, "but that standard is applied liberally." *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "[A] defense counsel's erroneous advice may warrant withdrawing a plea even if the defendant does not prove that he would not have pleaded guilty but for the erroneous advice." *Davis*, 428 F.3d at 807.

The Ninth Circuit has made clear "that a change of heart—even a good faith

change of heart—is not a fair and just reason that entitles [a defendant] to withdraw his plea, even where the government incurs no prejudice." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009). To "allow a defendant to withdraw his guilty plea simply on a lark[,]" after he "has sworn in open court that he actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, . . . debases the judicial proceeding at which a defendant pleads and the court accepts his plea[.]". *United States v. Hyde*, 520 U.S. 670, 676 (1979).

Statements made during the change of plea hearing are entitled to a strong presumption of veracity in subsequent attacks on the plea. *United States v. Ross*, 511 F.3d 1233, 1236–37 (9th Cir. 2008). A court may also consider the time elapsed between the entering of such a plea and the defendant's withdrawal request. *United States v. Garcia*, 401 F.3d 1008, 1013 (9th Cir. 2005). Whether to allow a defendant to withdraw their plea is "within the sound discretion of the district court." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995).

## DISCUSSION

Carter argues that a fair and just reason exists to withdraw his guilty plea. (Doc. 330 at 6.) As set forth in his Affidavit, Carter asserts that he did not review full discovery with either of his previous attorneys, Mr. Tim Bechtold or Ms. Gannon-Nagle, and that he relied upon his attorneys' summaries of the discovery

and their recommendations that he accept a plea agreement. (*Id.*) More specifically, Carter argues that he (1) did not fully review the plea agreement that he eventually signed, and (2) did not see or review the Offer of Proof before his change of plea hearing. (*Id.* at 6–7.)

The plea agreement states, in pertinent part, as follows:

> **First**, the defendant knowingly possessed a substance containing a detectable amount of fentanyl; and
> **Second**, the defendant possessed the fentanyl with the intent to distribute it to another person.
> **Third**, the offense involved 400 or more grams of fentanyl.

(Doc. 225 at 3.) Carter denies the accuracy and veracity of the above provisions of the plea agreement. As clarified during the hearing, Carter disputes whether the offense involved 400 or more grams of fentanyl and appears to argue that the amount at issue should be 132 grams. However, while the original Indictment may have charged Carter with possession of 132 grams of fentanyl, the Superseding Indictment clearly alleges that Carter "knowingly and unlawfully possessed, with the intent to distribute, 400 grams or more of a substance containing [] fentanyl." (Doc. 22 at 4.) Carter fails to present any credible facts disputing or otherwise disproving the accuracy of this provision of the plea agreement. Moreover, at the change of plea proceeding, Carter stated under oath that his signature and initials on the plea agreement indicated that he had read and understood it and agreed with its provisions. (Doc. 330-2 at 15–16.)

Carter's primary basis in seeking to withdraw his plea is that he was unaware the tested sample of pills he sold in a controlled buy did not contain fentanyl. (Doc. 329 at 7.) Carter asserts that when the Offer of Proof was read aloud during the change of plea hearing, he heard, for the first time, the following:

> At [co-Defendant] Punch's direction, the [Confidential Informant ("CI")] traveled to the hotel and purchased approximately 1,000 pills that were purported to contain fentanyl from Mr. Carter. Mr. Carter fronted 200 more pills to the CI. "Fronting" means giving these pills to the CI with the understanding that the "CI would sell and pay for the pills at a later date. The tested sample of these pills did not contain fentanyl, however."

(Doc. 330-2 at 40.) Carter argues that had he been fully aware the lab report indicated the tested pills did not contain fentanyl, he would not have entered into a plea agreement and would not have pleaded guilty. (Doc. 330 at 7 (citing Doc. 330-3).)

The record, however, indicates that Carter was in fact aware of the lab report findings prior to changing his plea. At the change of plea hearing, Carter stated, under oath, that he had reviewed the Offer of Proof with his attorney, Ms. Gannon-Nagle. (Doc. 330-2 at 39.) Moreover, immediately following the United States's recitation of the Offer of Proof, including the statement excerpted above, Carter affirmed that he had no disagreements with the information he had just heard. (*Id.*

5

at 41.)[1] Only then did Carter withdraw his not guilty plea and enter a plea of guilty to Count II. (*See id.*) Therefore, even if Carter learned of the lab report for the first time during the change of plea hearing—in direct contradiction to what he previously attested to under oath—the information was still known to him prior to entering his plea of guilty. And although Carter now attempts to blame his previous attorneys for this alleged oversight, he offered no such critique at the change of plea hearing. (*See Id.* at 9–10) (agreeing he had sufficient time to discuss the case with his attorney, that he was satisfied with her advice, that she answered all questions put to her, and that he did not require further time to meet with her).

Carter further argues that the change of plea transcript fails to accurately reflect the dialogue and colloquy that took place in court. (Doc. 330 at 8.) Specifically, Carter believes Judge DeSoto questioned the United States about the lab report, potentially off the record, and that he replied, "Your Honor, 200 pills did not contain fentanyl." (*Id.*) Yet Carter fails to reveal the significance of this fact, as the United States clearly stated on the record that the tested sample did not

---

[1] During the hearing, Carter asserted that he only responded "yes" because counsel had advised him to say "yes" to every question posed by the Judge. Accepting such an argument would require a finding that Carter failed to recognize that he swore to tell the truth and, subsequently, failed to tell the truth while under oath. There is simply no basis on the record to accept this argument, particularly given the exchanges that occurred during the change of plea hearing. (*See* Doc. 330-2 at 12–13.) *See also Ross*, 511 F.3d at 1236–37 (statements made during the change of plea are entitled to a strong presumption of veracity).

6

contain fentanyl. At any rate, the Court has no reasonable basis upon which to question the transcript of the change of plea.

Finally, both Carter and his counsel make much of Judge DeSoto's statement in her F&R that "**This report is forwarded with the recommendation that the Court defer a decision regarding acceptance until the Court has reviewed the Plea Agreement and the presentence report.**" (*See* Doc. 250) (emphasis in original). However, in the Court's experience, this merely reflects the standard form language used by Judge DeSoto in her plea recommendations.

## Conclusion

The Court therefore finds that Carter's assertions are insufficient to carry his burden under Rule 11(d)(2)(B) and that he has failed to demonstrate a "fair and just" reason for withdrawal of his guilty plea to Count II of the Superseding Indictment. Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion to Withdraw Guilty Plea (Doc. 329) is DENIED. Sentencing remains set for February 11, 2026.

DATED this 5th day of February, 2026.

_____
Dana L. Christensen, District Judge
United States District Court